**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| Jack Schuster, | Civil Action No.: 14-CV-00080(WSS) |
| Plaintiff, | |
| v. | |
| CBE Group, Inc., | **PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| Defendant. | |

For this his First Amended Complaint, Plaintiff Jack Schuster, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), and the invasions of Plaintiff's personal privacy by Defendant in their illegal efforts to collect a consumer debt.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. Plaintiff, Jack Schuster ("Plaintiff"), is an adult individual residing in Temple, Texas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4. Defendant, CBE Group, Inc. ("CBE"), is a business entity with an address of 1309 Technology Parkway, Cedar Falls, Iowa 50613, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.     The Debt**

5.     Plaintiff's step-son (the "Debtor") allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

6.     The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

7.     The Debt was purchased, assigned or transferred to CBE for collection, or CBE was employed by the Creditor to collect the Debt.

8.     Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.     CBE Engages in Harassment and Abusive Tactics**

9.     Within the last year, CBE placed calls to Plaintiff's telephone, a T-Mobile cellular phone, number 512-xxx-4211, in an attempt to collect the Debt.

10.    Defendant placed calls to the cellular phone from telephone numbers 319-432-7602 and 515-344-3580.

11.    At all times mentioned herein, CBE called Plaintiff using an automatic telephone dialing system ("ATDS" or "predictive dialer").

12.    When Plaintiff answered the calls from CBE, he heard a period of silence before a live person came on the line.

13.    Plaintiff informed CBE that the cellular number CBE was calling no longer belonged to the Debtor.

14.    Additionally, Plaintiff requested that CBE cease all calls to his cellular telephone.

15.    Nonetheless, CBE continued to place calls to Plaintiff's cellular telephone.

16. Plaintiff never provided his consent to CBE or the Creditor to be contacted on his cellular telephone.

**C.    Plaintiff Suffered Actual Damages**

17. Plaintiff has suffered and continues to suffer actual damages as a result of Defendant's unlawful conduct.

18. As a direct consequence of Defendant's acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

**COUNT I**
**VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692,** *et seq.*

19. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.

21. Defendant's conduct violated 15 U.S.C. § 1692b(3) in that the Defendant communicated with the Plaintiff more than once without a permissible purpose.

22. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA.

23. Plaintiff is entitled to damages as a result of Defendant's violations.

**COUNT II**
**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –**
**47 U.S.C. § 227,** *et seq.*

24. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. At all times mentioned herein and within the last year, CBE called Plaintiff on his

cellular telephone using an ATDS and/or a predictive dialer.

26. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

27. Defendant's telephone systems have all the earmarks of a predictive dialer. Often times when Plaintiff answered the phone, he was met with a period of silence before Defendant's telephone system would connect him to live person.

28. Upon information and belief, Defendant's predictive dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

29. Plaintiff did not provide and/or revoked his consent to be contacted on his cellular telephone, and in fact instructed CBE on multiple occasions to stop all calls to him and cease calling his cellular telephone.

30. CBE continued to place automated calls to Plaintiff's cellular telephone after being advised multiple times by Plaintiff that the cellular telephone number was no longer the Debtor's and knowing there was no consent to continue the calls.  As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

31. The telephone number called by CBE was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

32. The calls from CBE to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

33. Each of the aforementioned calls made by CBE constitutes a violation of the TCPA.

34. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

35. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against Defendant;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant;

4. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(1)(A);

5. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

      6.   Such other and further relief as may be just and proper.

<b>TRIAL BY JURY DEMANDED ON ALL COUNTS</b>

Dated: May 19, 2014

          Respectfully submitted,

          By  /s/ Sergei Lemberg

          Sergei Lemberg, *Attorney-in-Charge*
          Connecticut Bar No. 425027
          LEMBERG LAW L.L.C.
          1100 Summer Street, 3rd Floor
          Stamford, CT 06905
          Telephone: (203) 653-2250
          Facsimile: (203) 653-3424
          E-mail: slemberg@lemberglaw.com
          *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

THIS IS TO CERTIFY that on May 19, 2014, a true and correct copy of the foregoing First Amended Complaint was filed with the Clerk of Court for the United States District Court for the Western District of Texas using the CM/ECF system, which sent notice of such filing to the following parties listed below:

Robbie Malone, Esq.
Xerxes Martin, Esq.
Robbie Malone, PLLC
8750 N. Central Expressway
Northpark Central, Suite 1850
Dallas, TX 75231
*Attorneys for Defendant*

                         /s/ Sergei Lemberg
                      Sergei Lemberg