UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| JACK SCHUSTER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No.: 6:14-cv-00080-WSS |
| | § | |
| THE CBE GROUP, INC., | § | |
| | § | |
| Defendants. | § | |

## THE CBE GROUP, INC.'S REPLY TO
## PLAINTIFF'S RESPONSE ON ITS AMENDED MOTION TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, The CBE Group, Inc., Defendant herein, through counsel of record, and files its Reply to Plaintiff's Response to Its Amended Motion to Dismiss Plaintiff's Claims under Rules 12(b)(1), 12(b)(6) and in the alternative, 12(e) for a more definitive statement and shows unto the Court as follows:

### I.
### FACTUAL BASIS

1. Plaintiff has refused to provide his cellular telephone number through two reasonable options: 1) include it in his petition, or 2) provide it informally to CBE. Plaintiff offers no explanation as to why he cannot provide that information.

### II.
### ARGUMENT AND AUTHORITIES

2. The true purpose of CBE's Motion to Dismiss and Amended Motion to Dismiss is to get Plaintiff's cellular telephone number so it can properly investigate his claims and sufficiently answer his Complaint. These two reasons go hand in hand with the standards *Iqbal* and *Twombly* promote especially in conjunction with the language of Fed. R. Civ. P. 8. Going further with the

logistics, with the alleged cellular telephone number, CBE would be able to conduct its investigation into the claims and determine whether or not a valid claim even exists which could alter whether or not CBE potentially files a motion to dismiss or other responsive pleading to Plaintiff's complaint other than an Answer. CBE is unable to make that determination without knowing what number is alleged to have been called. More, if not most importantly, Plaintiff's tactics and choice of not turning over the cellular telephone number deprives CBE and Plaintiff of the opportunity of an expeditious resolution of the case. Even more alarming, if calls are being made it ensures that alleged harmful activity Plaintiff seeks to stop will continue – i.e., without the phone number, CBE cannot put a cease on the calls to that number.[1] If CBE's Amended Motion to Dismiss is denied, CBE has no option other than to conduct full-blown written discovery to finally discover what cellular telephone number as allegedly dialed.

3.     A Plaintiff should not be able to allege a TCPA claim simply claiming "my cellular telephone was called by them using a dialing system I believe is an ATDS without my prior consent." This is similar to a party alleging patent infringement without disclosing what patent is being infringed. Further, it should not require discovery for a defendant to even begin to investigate a plaintiff's claims.

4.     The briefing on this issue by both Plaintiff and CBE shows Courts have ruled in favor of both positions on this issue. It is for this Court to decide which position is most persuasive. CBE requests this Court to find that Plaintiff must, at minimum, be required to plead the number alleged to have been called. This is the most reasonable and logical position as it promotes a great benefits to items such as pre-litigation settlement, pre-discovery settlement and promote

---

[1] Given Plaintiff's counsel's steadfast refusal to provide the cellular phone number to CBE to stop the alleged calls to his client, one has to wonder exactly what motivates Plaintiff's counsel. Preventing harm to his client cannot be on the top of the list or the first thing counsel would have done is take reasonable, as well as easy steps to protect his client.

**CBE GROUP, INC.'S REPLY TO PLAINTIFF'S RESPONSE ON ITS AMENDED MOTION TO DISMISS** – Page 2
M:\218.0000 The CBE Group, Inc\218.0007 Jack Schuster v. CBE Group, Inc\Pleadings\218.0007.Reply to Amended Motion to Dismiss.docx

judicial economy with reduced litigation costs and reduction of cases filed and litigated. For these compelling reasons, CBE requests this Court grant its Motion to Compel.

WHEREFORE, PREMISES CONSIDERED, Defendant The CBE Group, Inc. respectfully requests this Court grant its Motion to Dismiss and dismiss Plaintiff's claims in their entirety, or in the alternative, require Plaintiff to re-plead to include his cellular telephone number and award any other relief, whether at law or in equity, justly entitled.

Respectfully submitted,

**ROBBIE MALONE, PLLC**

  /s/ Xerxes Martin
ROBBIE MALONE
State Bar No. 12876450
EUGENE XERXES MARTIN, IV
State Bar No. 24078928
Email: xmartin@rmalonelaw.com
Northpark Central, Suite 1850
8750 North Central Expressway
Dallas, Texas 75231
(214) 346-2625
(214) 346-2631 FAX
E-mail: rmalone@rmalonelaw.com

*ATTORNEYS FOR DEFENDANT*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been forwarded to Plaintiff's counsel via ECF on this 20th day of June, 2014 to:
Sergei Lemberg
LEMBERG ASSOCIATES, LLC
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone (203) 653-2250
Fax (203) 653-3424
slemberg@lemberglaw.com

  /s/ Xerxes Martin
XERXES MARTIN