

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| JACK SCHUSTER,<br>　　　Plaintiff, | §<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. W-14-CV-080 |
| | §<br>§ | |
| THE CBE GROUP, INC.,<br>　　　Defendant. | §<br>§ | |

# O R D E R

Before the Court is Defendant The CBE Group, Inc.'s Amended Motion to Dismiss. The Court having reviewed the motion, response, reply, and applicable legal authority is persuaded the motion lacks merit and is hereby **DENIED**.

## I.   Factual and Procedural Background

Plaintiff Jack Schuster is the step-father of a debtor that allegedly incurred a financial obligation to a creditor. Defendant attempted to collect the debt and called Plaintiff's cellular telephone number. When Plaintiff answered Defendant's phone calls, he noticed that there was a noticeable pause between him answering the phone and when a live person finally spoke. It appeared to Plaintiff that a nonhuman initiated the phone call before an actual person spoke.

Plaintiff informed the person employed by Defendant that the cellular number called did not belong to the debtor. Plaintiff further requested that Defendant stop calling his cellular telephone. However, Defendant continued to call Plaintiff's cellular telephone and Plaintiff filed the instant lawsuit as a result. In his lawsuit, Plaintiff is requesting damages for Defendant's various violations

1

of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1962, *et seq.*, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*

Defendant filed a motion to dismiss under Rules 12(b)(6), 12(b)(1), and in the alternative, 12(e) for a more definitive statement. Defendant contends that Plaintiff refused to provide it with Plaintiff's entire cellular number that was allegedly called by Defendant. Since Defendant is unable to check its records based on the partial digits provided in Plaintiff's complaint, Defendant argues that it has not received sufficient notice of the claims asserted by Plaintiff. Without the entire phone number, Defendant maintains that Plaintiff failed to satisfy the minimum pleading requirements for the asserted FDCPA and TCPA violations. Defendant alternatively asks the Court for a more definitive statement and order Plaintiff to provide the full number under Rule 12(e).

## II. Standard of Review

### A. Rule 12(b)(6) Standard

When considering a dismissal for failure to state a claim upon which relief may be granted, the Court accepts as true "all well-pleaded facts" and views them in the light most favorable to the plaintiff. *See Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004). However, a plaintiff must allege specific facts, not conclusory allegations. *Elliott v. Foufas,* 867 F.2d 877, 881 (5th Cir. 1989). Conclusory allegations, as well as unwarranted deductions of fact, are not admitted as true. *Guidry v. Bank of LaPlace,* 954 F.2d 278, 281 (5th Cir. 1992). To survive a motion to dismiss

2

under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead "enough facts to state a claim for relief that is *plausible* on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007) (emphasis added); *see also In re Katrina Canal Breaches Litig.,* 495 F.3d 191, 205 (5th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 663 (2009).

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' "

*Id.* at 678 (quoting *Twombly*). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re Katrina,* 495 F.3d at 205 (quoting *Twombly*). However, the Court need not accept as true legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal,* 556 U.S. at 678. Only those complaints which state a plausible claim for relief survive a motion to dismiss. *Id.* In making this determination, the reviewing court must "draw on its judicial experience and common sense." *Id.* at 679.

### B. Rule 12(b)(1) Standard

A motion to dismiss for lack of subject matter jurisdiction challenges the court's competence or authority to hear and decide the case before it. FED. R.

CIV. P. 12(b)(1). "Federal courts are courts of limited jurisdiction and, absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). The burden of establishing federal jurisdiction ultimately rests on the party seeking to invoke it. *See id.*; *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

### C. Rule 12(e) Standard

Rule 12(e) authorizes a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." *See* FED. R. CIV. P. 12(e); *Swierkieqicz v. Sorema*, 534 U.S. 506, 513 (2002). The scope of Rule 12(e) is very limited. The Rule only applies when the challenged pleading is: (1) one to which a response is allowed or required; but (2) is unintelligible or so devoid of facts that a response cannot be prepared. *See Sisk v. Tex. Parks & Wildlife Dep't*, 644 F.2d 1056, 1059 (5th Cir. 1984); *Davenport v. Rodriguez*, 147 F. Supp. 2d 630, 639 (S.D. Tex. 2001) (quoting *Frazier v. Se. Pa. Transp. Auth.*, 868 F. Supp. 757, 763 (E.D. Pa. 1994)).

### III. Analysis

According to the Plaintiff's Compliant, this case only involves two causes of action—violations of the TCPA and the FDCPA. The Court is persuaded that Plaintiff adequately pleaded facts in support of his claims under the TCPA and the FDCPA.

The TCPA makes it unlawful for any person "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice ... to any telephone number assigned to a ... cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii). A plaintiff is only required to assert two elements in a TCPA claim: (1) the defendant called a cellular telephone number; and (2) an Automatic Telephone Dialing System ("ATDS") was used to call that phone number. *Id.* An ATDS is "equipment that has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). Beyond those two elements, a plaintiff is not required to specify the specific dates or times of the statutory violations in the complaint. *See Robbins v. Coca–Cola Co.*, 2013 WL 2252646 at *2 (S.D.Cal., May 22, 2013) (explaining that "the language of the TCPA makes no reference to the time, content, sequence, or volume of calls or messages as a prerequisite to liability"). "Notice pleading standards do not require a plaintiff to allege details at the pleading stage about the time and context of every telephone call." *Evans v. Corinthian Colleges, Inc.*, 1:14-CV-00002-SEB, 2014 WL 2866369 (S.D. Ind. June 23, 2014).

The FDCPA seeks to eliminate "abusive, deceptive, and unfair debt collection practices" by regulating the type and number of contacts a "debt collector" can have with a debtor. 15 U.S.C. § 1692. To achieve this goal, the Act regulates communications related to debt collection (§ 1692c); prohibits

5

conduct that tends to harass, abuse, or oppress consumers (§ 1692d); forbids debt collectors from making false, deceptive, or misleading representations (§ 1692e); proscribes unfair or unconscionable debt collection practices (§ 1692f); and requires that debt collectors advise consumers whose debts they seek to collect of specified rights (§ 1692g). "Consumers may sue to enforce the Act's provisions and, if successful, recover actual damages, statutory damages, and attorney's fees and costs." *McKinney v. Cadleway Props., Inc.,* 548 F.3d 496, 500 (5th Cir. 2008) (citing 15 U.S.C. § 1692k).

Although Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation," the Court is convinced that Plaintiff's complaint gives Defendant sufficient notice of the claims asserted, and thus satisfies Rule 8 requirements. *Iqbal,* 556 U.S. at 678. Plaintiff alleged that Defendant "placed calls to Plaintiff's telephone, a T-Mobile cellular phone," and Plaintiff "heard a period of silence before a live person came on the line." Based on those assertions, the Court agrees that Defendant has received fair notice of facts in support of a TCPA claim.

Plaintiff alleged that a cellular telephone number was called by Defendants, and the pause before a live person spoke with Plaintiff indicates an ATDS was used. 47 U.S.C. § 227(b)(1)(A)(iii). Even though Plaintiff did not supply all of the digits to the recipient's cellular phone number, a plain reading of the TDCA does not require such detailed information in the complaint. Likewise Defendant fails to persuade the Court that claims pursued under the FDCPA also

6

require the inclusion of the recipient's entire telephone number in the complaint. The Court agrees with Plaintiff that the recipient's entire telephone number is best left for discovery.

Because Plaintiff has pleaded "enough facts to state a claim for relief that is *plausible* on its face," Plaintiff's claims under the TDCA and FDCPA survive Defendant's motion to dismiss. *Twombly,* 550 U.S. at 570 (emphasis added). Although Defendant also moved for dismissal under Rule 12(b)(1), Defendant failed to explain why the Court lacks jurisdiction to consider Plaintiff's claims. Furthermore, the Court finds that Defendant's request for Plaintiff's telephone number under Rule 12(e) is inappropriate, and should be pursued through the discovery process. Accordingly, it is

**ORDERED** that Defendants' Amended Motion to Dismiss is **DENIED**.

SIGNED this 5 day of August, 2014.

_____
WALTER S. SMITH, JR.
UNITED STATES DISTRICT JUDGE